UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS JASON WAY, et al., <br><br> Defendants. <br> _____ / | Case No. 1:14-CR-00101-DAD-BAM <br><br> **ORDER RE DISCLOSURE OF GRAND JURY TRANSCRIPTS** |

On September 10, 2015, Defendant Douglas Jason Way filed a Motion to Compel Production of the Grand Jury Transcripts. (Doc. 142). Defendant Natalie Middleton filed a similar motion on September 11, 2015, seeking to join Defendant Way's Motion and raising additional arguments. (Doc. 143). Defendants Timothy New and Timothy Ortiz also moved to join the pending motions to release the grand jury transcripts. (Doc. 144, 145).

Defendants are charged with multiple counts of conspiracy, manufacture and distribution of controlled substances and introducing misbranded drugs (i.e., analogues) into interstate commerce. (Doc. 23, Indictment). Defendants collectively ask the Court for pre-trial disclosure of the grand jury testimony of all witnesses (civilian and government) that led to the indictment, and the grand jury instructions. Defendant Natalie Middleton specifically addresses Count 5 (misbranding) and Count 6 (money laundering) of the indictment.

This Court conducted a hearing on the motions on October 26, 2015. At the hearing, the Court indicated it was inclined to order production of the grand jury transcripts. The Court ordered further briefing to determine whether the government could identify cases where the defendant requested

1

disclosure of grand jury transcripts after a post-indictment change of law.  The government filed supplemental briefing on November 13, 2015, which stated that the government's "global inquiry" did not locate any similar case, but further argued its position in the government's originally filed papers.  Defendant Middleton filed a reply on November 30, 2015.  Defendant Way filed a reply on December 7, 2015. The Court conducted a further hearing on December 14, 2015 and indicated that limited disclosure of the transcripts will be ordered.  Having considered the moving, opposition, reply, and supplemental briefs, as well as the arguments of counsel, the Court orders as follows.

## THE PARTIES' ARGUMENTS

### A. Defendants' Arguments For Disclosure

Defendants argue that disclosure is warranted:

**(1) Avoid the Injustice of a Possible Faulty Indictment**

Following the grand jury indictment, defendants seek grand jury transcripts based on a subsequent decision by the Supreme Court in *McFadden v. United States* construing the mens rea requirement under the Controlled Substances Act. *McFadden v. United States*, 135 S. Ct. 2298 (June 18, 2015).  Relying on *McFadden* together with Federal Rule of Criminal Procedure 6(e)(3), Defendants argue that disclosure is authorized when a defendant shows that "grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."  According to Defendants, the recent Supreme Court opinion in *McFadden* demonstrates that the "specific facts, wording, and instructions given to the grand jury" are particularly relevant for analogue substances in order to demonstrate whether Defendants knew that the analogue was a controlled substance under the Controlled Substances Act.[1]

---

[1] In *McFadden*, the Court noted that "[t]he Analogue Act requires a controlled substance analogue, if intended for human consumption, to be treated 'as a controlled substance in schedule I'" and said that the Government must prove that "a defendant knew that the substance with which he was dealing was 'a controlled substance,' even in prosecutions involving an analogue." *Id.* at 2305. Knowledge of that fact can be established by either knowledge that a substance is listed or treated as listed under the Analogue Act or by knowledge of the physical characteristics that give rise to that treatment, i.e., "that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id.* at 2305.

2

**(2) Secrecy Reduced Because Grand Jury Proceedings Have Concluded**

Defendants also argue that grand jury secrecy does not outweigh the need for disclosure: (1) Defendants' need is compelling because they plan to challenge the indictment based on *McFadden*; (2) secrecy concerns can be addressed by a protective order; *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979); and (3) the interest in continued secrecy is minimal.

**(3) The Request is Narrowly Tailored**

Defendants further argue that their request is "merely for the instructions and testimony given that gave rise to the Indictment," in order to see if the necessary elements of the charges were met.[2]

Defendant Middleton argues additionally that she has a right to stand trial on the specific charges and specific underlying facts supported by the grand jury in its indictment. In Count 5, Defendant Middleton was charged with felony misbranding, a specific intent crime. The grand jury was required to find probable cause that Defendant Middelton's specific intent and actions were applied to a specific victim. The government now clarifies that its theory is that the Food and Drug Administration is the victim of Defendant Middleton's alleged fraud. This theory appears nowhere in the indictment and the government points to no facts which could give rise to an inference that Defendant Middleton allegedly misbranded products with an intent to defraud federal regulators. Defendant Middleton argues that the indictment is too vague and therefore she is unable to determine if there was probable cause as to each element of the crime.

**(4) Defendant Middleton's Additional Arguments for Disclosure**

With respect to Count 6 (money laundering), Defendant Middleton argues that because *McFadden* states that the government must prove that Defendants *knew* that the property subject to the money laundering was criminally derived, the indictment falls below the requirements of *McFadden* because it only states that she knowingly engaged in a money transaction.

**B. The Government's Argument against Disclosure**

The government opposes the motion on three main grounds: (1) the indictment is valid on its face and therefore a challenge is futile; (2) Defendants' speculation does not meet the particularized

---

[2] This request is not narrowly tailored as it basically asks for all testimony.

need standard to justify disclosure; and (3) the need for secrecy of grand jury proceedings. The government primarily argues that the indictment is valid on its face and therefore disclosure of the grand jury transcript is not warranted. The government further argues the indictment tracks the statutory language, sufficiently alleging the elements of a crime and therefore the indictment isn't subject to a challenge. Additionally, speculation does not constitute "particularized need." The government argues Defendants merely speculate whether there was error during the grand jury proceedings. The government argues secrecy of the proceedings is mandated.

## LEGAL STANDARD

### A. Particularized Need

With certain exceptions, Federal Rule of Criminal Procedure 6(e) imposes a general rule against disclosure of matters "occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). The court, within its discretion, may authorize disclosure of a grand jury matter "at a time, in a manner, and subject to any other conditions that it directs" that is "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). The Supreme Court has "consistently construed the Rule, however, to require a strong showing of **particularized need** for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g*, 463 U.S. 418, 442-443 (1983) (emphasis added). This showing of "particularized need" requires that the party requesting disclosure show that the material sought is necessary to "avoid possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* at 443 (citation omitted).

Case law varies, but courts typically refuse to compel disclosure of grand jury materials when a Defendant offers unsubstantiated, speculative assertions of improprieties in the proceedings to support a theory of particularized need. *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) ("Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the 'particular need' required to outweigh the policy of grand jury secrecy."). For example, in *United States v. Hussain*, No. 13-cr-00408-JST, 2015 WL 4638451 (N.D. Cal. Aug. 4, 2015), the Northern District denied disclosure in a tax fraud case when the defendant, Hussain, argued that the IRS officer who performed Hussain's investigation was later criminally investigated and prosecuted before or

4

during the criminal investigation in Hussain's case. Hussain speculated that grand jury testimony in the IRS officer's unrelated case may be relevant to Hussain's own case. The Northern District Court, relying on *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986), denied disclosure and held that any relevancy between the two investigations was mere speculation.

Other examples of mere speculation include when a defendant argues that a grand jury returned an indictment too quickly or that the government misled the grand jury. Without more, such allegations fall short of the particularized need requirement. *E.g., Ferreboeuf*, 632 F.2d at 835 (speed with which indictment was returned was "mere speculation" of misconduct); *United States v. Morales*, Cr. No. S-05-0443 WBS, 2007 WL 628678 at *4 (E.D. Cal. Feb. 28 2007) ("Defendant's request for release of the grand jury instructions is based on his own evaluation of the evidence, which he finds insufficient, which in turn leads him to conclude that the instructions must have been misleading in order for the grand jury to have returned an indictment;" "This sort of deductive reasoning is insufficient to overcome the presumption of regularity.").[3] Thus, although there is no precise definition for "particularized need," the Supreme Court has stated that a showing of particularized need may occur when the grand jury transcript is used "to impeach a witness, to refresh his recollection, to test his credibility and the like." *Douglas Oil,* 441 U.S. at 222 n.12; *see also Petrol Stops Nw. v. Continental Oil Co.*, 647 F.2d 1005, 1009 (9th Cir. 1981) (the court did not abuse its discretion in determining that Petrol Stops had shown a compelling and particularized need to use the transcripts and documents to impeach, refresh recollections, and test credibility).

Particularized need is more often shown where the defendant becomes aware of specific facts suggesting severe misconduct that jeopardized the independence of the grand jury. *United States v. Pac. Gas & Elec. Co.*, No. 14-cr-00175-TEH, 2015 WL 3958111, at *8 (N.D. Cal. June 29, 2015) (particularized need for further disclosure has been found where a defendant already received some

---

[3] Although not at issue here, courts also deny disclosure when defendants argue that a prosecutor failed to present exculpatory evidence. The government has no duty to present exculpatory evidence to the grand jury. *United States v. McDavid*, No. CR S-06-35 MCE, 2007 WL 926664 (E.D. Cal. Mar. 26, 2007) (denying disclosure of grand jury transcripts where defendant argued that the government failed to present the existence of exculpatory evidence and if any other conduct would be the subject of a motion to dismiss).

5

grand jury materials, and those materials revealed that the prosecution misrepresented the evidence.)[4] In *Thao v. Donavon*, the court approved a request to unseal grand jury transcripts where the prosecutor acted to present evidence to the grand jury that the prosecutor knew to be false at the time of presentation and failed to correct the false information thereby instituting and proceeding with a criminal action known to be without merit. *Thao v. Donovan*, No. 1:11-cv-0799 AWI SKO, 2014 U.S. Dist. LEXIS 101950 (E.D. Cal. July 24, 2014) (not available on Westlaw).

**B. Relationship to Motion to Dismiss the Indictment**

A defendant's particularized need must show that a "ground may exist *to dismiss the indictment* because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii) (emphasis added). Therefore, the standard for dismissing an indictment is relevant to the standard for disclosure of grand jury materials. *See United States v. Fowlie*, 24 F.3d 1059, 1065–66 (9th Cir. 1994) (Rule 6(e)(3) permits disclosure upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury). "[D]ismissal of the indictment [for prosecutorial error] is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988).

---

[4] In *United States v. Pac. Gas & Elec. Co.* ("*PG&E*"), defendant argued that the government likely misled the grand jury on whether "materiality" is a required element of obstruction because the indictment did not use the word "material." *Id.* at *10. This argument is very similar to the Defendants' prior motion to dismiss before the District Judge in this case. But, in *PG&*E, defendant failed to show a particularized need for disclosure regarding the obstruction count. The court found that the mere fact that the word materiality did not appear in the indictment was weak evidence that the government misled the grand jury on this charge; nor did the government need to explicitly instruct the grand jury on this element, so long as the government did not flagrantly mislead the grand jury. Although the *PG&E* court denied disclosure of grand jury transcripts because the government need not explicitly instruct the grand jury on this element, *PG&E* is distinguishable because under *McFadden,* mens rea is a necessary element for the jury to consider in this case. Further, *PG&E* is distinguishable because here, the change in Supreme Court authority makes it far more likely that the defendants could argue in a subsequent motion to dismiss that the government mislead the jury, however unintentionally.

In this Circuit, a grand jury indictment will not be dismissed unless the record shows that the conduct of the prosecuting attorney was flagrant to the point that the grand jury was "deceived" in some significant way. *United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982). Both the government and the defendants cite *Wright* in support of their positions on disclosure of grand jury proceedings. In *Wright*, the defendant moved to dismiss his indictment and contended the indictment was returned by a grand jury which had been erroneously instructed on a material aspect of the law. The court denied the motion finding that the grand jury had been adequately instructed on all the elements the government had to prove, in part through the testimony of a government witness. *Id*. at 796. Here, the government argues that even if the instruction to the grand jury were erroneous, erroneous instructions do not warrant disclosure of the transcripts. (Doc. 156 p. 16-17). However, in *Wright*, the court found that sufficient evidence had been presented to the grand jury, aside from the erroneous legal instruction, to deny dismissal of the indictment. Here, the Court does not have any such evidence; there is only argument that the instructions were proper. Significant to the issue before <u>this</u> Court of whether to disclose the grand jury transcripts, the grand jury proceedings in *Wright* <u>must have been disclosed</u> prior to the defendant moving to dismiss the indictment, because the *Wright* court discussed the evidence presented to the grand jury. Thus, *Wright* warrants disclosure of grand jury proceedings.[5]

Here, the Court finds that defendants have shown particularized need. The Supreme Court's decision in *McFadden* altered the element of knowledge for the crimes charged. The parties have been unable to cite the Court to any similar case dealing with a change in the law by the Supreme Court and the impact on disclosure of grand jury transcripts. Defendants have articulated that the proof presented to the grand jury may have been legally insufficient to establish probable cause in light of the Supreme Court's holding in *McFadden*. While the government argues that *McFadden*

---

[5] Erroneous grand jury instructions do not automatically invalidate an otherwise proper grand jury indictment. *See United States v. Linetsky*, 533 F.2d 192, 200-201 (5th Cir. 1976). However, by way of the instant motion, this Court need not reach whether a motion to dismiss would, in fact, be successful. The Court need only decide if a particularized need has been shown that a ground to dismiss the indictment exists.

1  merely clarified the law, whether *McFadden* is characterized as a clarification or change in the law, *McFadden* warrants defendants' further exploration of the proof against them.

The government relies on *United States v. Morales* for the proposition that particularized need cannot be shown by speculation that "the grand jury may have been improperly instructed." 2007 WL 628678 at *4. However, in *Morales*, the court denied the request for grand jury transcripts because the Supreme Court case the defendant cite to demonstrate a purported changed in the law "applied familiar principles to a specific set of facts and did not suggest that standard instructions on [Pinkerton liability and constructive possession] given during trial were inadequate." *Id.*

Here, unlike in *Morales,* the Supreme Court altered the principles of the underlying the law. Thus, the instructions and evidence on the crimes charged are not based upon "familiar principles to a specific set of facts." While the government disputes that *McFadden* changed the law, the precise contours of the "knowledge" required under *McFadden* is not for this Court to decide and is left for a future motion and further development. Indeed, on a motion to dismiss, defendants could argue that dismissal of the indictment is warranted because the knowledge instruction was legally insufficient, and there was grave doubt that the decision to indict was free from the substantial influence of the improper instruction. In response to any future motion to dismiss, the government can make its argument the instruction was proper and that even if it was "deficient," the error is harmless.

**C.  The Need for Secrecy of Grand Jury Proceedings**

The government's primary argument in its supplemental brief is the need for secrecy of grand jury proceedings.

"As the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Petrol Stops*, 647 F.2d at 1008. This is especially true where the grand jury has already returned an indictment. *United States v. Dynavac, Inc.,* 6 F.3d 1407, 1412 (9th Cir. 1993) ("When the grand jury investigation is already terminated and an indictment has been issued, only "institutional" concerns are implicated by the documentary disclosure.") The Supreme Court, in reviewing a Ninth Circuit decision to allow disclosure of grand jury documents after conclusion of the grand jury investigation, noted that the conclusion of proceedings does not automatically lower the standard of proof required for disclosure

under Rule 6(e); in determining whether to order disclosure it is therefore necessary to consider the factual context and individual circumstance of the case. *Douglas Oil.*, 441 U.S. at 223 n.14. Nonetheless, the Supreme Court held that the need for ongoing secrecy is reduced once the grand jury finishes its activities. *Id.* at 222-23.

The Court acknowledges the statutory language and strong public policy for secrecy of grand jury proceedings. But here, where the grand jury has concluded its investigation (more than a year and half ago),[6] there are no security concerns to jurors or witnesses (Doc. 156), and in light of the change in the law, the strong public policy must yield to a disclosure. The arguments forwarded by the defense also present a meritorious foundation to overcome the presumption of secrecy. Based on *McFadden* and the changed theory of the government's position of who is the consumer here, the record reveals a significant question about what facts, instructions, and argument were presented to the grand jury. This question is further corroborated by Judge Ishii's concerns at the prior Motion to Dismiss hearing where he stated:

> Judge Ishii: [I]t's just from the discussion as to whether or not in this particular case, the consumers were misled or whether they were defrauded. If the defendants knew that it's not for human consumption, was false, and that they intended for human consumption, and the purchasers knew it was false and intended for their consumption, whether there is a violation—and, again, this is something that might come up in another motion . . . . **And if the Government is pursuing a theory that the victim, if you will in this case, are not the consumers, but the Government, then that puts a different wrinkle on this case, and then I think that the defense may well have a good point that I don't know if that was presented to the grand jury or not because I'm operating on the assumption that the misbranding and the intent to defraud was on the consumers and not upon the Government.** So at any rate, that should probably be briefed maybe a little further. (Doc. 141).

The Court is cognizant of the institutional concerns for maintaining secrecy of grand jury proceedings. Indeed, the Court is greatly concerned with the potential slippery slope of revealing grand jury proceedings in any criminal matter. However, in this case, where there has been a Supreme Court decision which changes an element of a crime charged against defendants since the indictment,

---

[6] At oral argument, there was indication that this grand jury panel may have been discharged from duty.

accompanied with an apparent change in legal theory, justice warrants balancing in favor of disclosure over institutional secrecy concerns.

### D. Tracks the Language of the Statute

The government also opposes the motion on the ground that the indictment is valid on its face, and therefore disclosure of the grand jury transcript is not warranted. The government argues that the indictment tracks the statutory language, sufficiently alleging the elements of a crime, and therefore the indictment is not subject to a challenge. *See United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) ("In cases where the indictment tracks the words of the statute charging the offense, the indictment will be held sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense."); (Doc. 151 p. 3-4). But *Davis* held that the indictment was sufficient because it "unambiguously set forth the criminal intent" and tracked the statutory language. *Davis*, 336 F.3d at 924. Here, because of *McFadden*, the mens rea element may in fact be ambiguous, and absent a challenge at this point of the case, the objection will be waived. *See United States v. Chesney*, 10 F.3d 641 (9th Cir. 1993) (where defendant did not object to use of only "knowingly" without "willfully" or "unlawfully" until after close of government's case, indictment liberally construed and therefore sufficient). Further, because of the purported "changed theory" of prosecution on the misbranding charge, the indictment may be equally ambiguous on that point as well.

The government's argument that the indictment tracks the statutory language goes to the merits of a potential motion to dismiss the indictment. Key, here, is that this Court need not rule on the merits of the potential motion to dismiss, but merely whether defendants have stated specific grounds to warrant disclosure of the grand jury proceedings. On balance, there is sufficient uncertainty in this case for the Court to guard against steadfastly adhering to secrecy.

### E. Legal/Jury Instructions

Finally, there is also some case law authority stating that "legal instructions" to a grand jury are ministerial and therefore subject to lesser protections. Two cases in the Northern District have held that legal instructions to the grand jury are not subject to the ordinary rule of grand jury secrecy. In the recent case of *United States v. Belton*, No. 14-cr-30-JST, 2015 WL 1815273 (N.D. Cal. Apr. 21, 2015), the court held that the legal instructions given to the grand jury do not go to the substance of

1 the grand jury's deliberative process, and therefore were subject to disclosure even without a showing
2 of particularized need. *Id.* at \*3. And in the case of *United States v. Talao*, No. CR-97-217-VRW,
3 1998 WL 1114043 (N.D. Cal. Aug. 14, 1998), the court stated, without further analysis, that the legal
4 instructions provided to the grand jury fall within the "ground rules" which can be disclosed. *Id.* at
5 \*12.

6 The government cites *United States v. Diaz*, 236 F.R.D. 470 (N.D. Cal. 2006) for the
7 proposition that colloquy between grand jurors and prosecutors during grand jury proceedings are
8 subject to grand jury secrecy. (Doc. 156 p. 12). In *Diaz*, however, the court allowed disclosure of the
9 grand jury instructions. 236 F.R.D at 477-78 ("This Court agrees that such instructions do not fall
10 within the bar of Rule 6(e) because their disclosure would not reveal the substance or essence of the
11 grand jury proceedings."). Again, on balance, the need for disclosure outweighs the need for secrecy.

12 **F. Scope of Disclosure of the Grand Jury Transcripts**

13 In weighing the competing interests in this case, the Court concludes that a limited disclosure
14 is appropriate because the need for disclosure outweighs the public interest in complete secrecy, as
15 fully discussed above. *See United States v. Sells Eng'g,* 463 U.S. at 443 ("the court's duty in a case of
16 this kind is to weigh carefully the competing interests in light of the relevant circumstances and the
17 standards announced by this Court. And if disclosure is ordered, the court may include protective
18 limitations on the use of the disclosed material ...."). Disclosure of the entirety of the grand jury
19 transcripts, however, is not warranted in this case. *See id.* (the request should be structured to cover
20 only material so needed). The portion of the transcripts "needed" in this case is the evidence
21 pertaining to the "knowledge" element of the crimes charged, as discussed in *McFadden*, and the
22 instructions, if any, given to the grand jury on this element. At oral argument, counsel for the
23 defendants requested the entirety of the grand jury transcripts. But, in light of the strong public policy
24 of grand jury secrecy, the Court declines to broadly grant the disclosure, and instead, limits the
25 disclosure of the transcripts to the mens rea element addressed by *McFadden.* After disclosure, the
26 defendants may renew their particularized need request for the full transcripts if the circumstances
27 justify doing do. Further, for the misbranding element, the transcripts for the "victim" of the alleged
28 crime shall be disclosed.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Motion to Compel the Grand Jury transcripts is GRANTED in PART and DENIED in PART:

1. The motion is GRANTED for the production of the grand jury transcripts and instructions to the grand jury regarding the element of knowledge on the analogue crimes charged.
2. The motion is GRANTED for the production of the grand jury transcripts and instructions to the grand jury regarding the victim of Count 5, Misbranding.
3. The request for the full transcript and instructions is DENIED.
4. The Parties shall meet and confer on a protective order, and the transcripts shall not be produced until a protective order is entered.
5. The government shall produce the responsive portions of the grand jury transcripts within 21 days of the entry of the protective order.

IT IS SO ORDERED.

Dated:     **December 15, 2015**              /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE