UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS JASON WAY,<br><br>Defendant. | No. 1:14-cr-00101-DAD-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 475) |

This matter is before the court on defendant's motion for reconsideration. (Doc. No. 475.) Defendant requests that the court reconsider an aspect of its May 16, 2018 order (Doc. No. 474), denying his motion to strike as surplussage or dismiss reference to XLR11 as an analogue in the indictment. (Doc. No. 367.)

**BACKGROUND**

In his motion to strike, defendant Way contended that his prosecution for conduct related to the substance known as XLR11 violated the Administrative Procedure Act (APA). The court rejected this argument, finding that the Analogue Act does not provide for the creation of "rules" that would be subject to the requirements of the APA, either through notice-and-comment proceedings or through publication in the Federal Register. Defendant does not challenge this conclusion. Instead, defendant now contends that in its order the court failed to address his alternative argument, that in the absence of APA compliance the actions taken by DEA pursuant

1

to the Analogue Act violate the non-delegation doctrine as discussed in *Touby v. United States*, 500 U.S. 160 (1991).

**LEGAL STANDARD**

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F. 2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain."). For this reason, a motion for reconsideration "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)).

**DISCUSSION**

Defendant has not presented the court with any newly discovered evidence, nor has he suggested an intervening change in law. Accordingly, the court construes defendant's motion as contending that denial of defendant's motion to strike constituted clear error.

Defendant's original motion to strike made only the briefest of references to the non-delegation doctrine. (Doc. No. 367.) Indeed, the phrase itself is used only once in that motion. (*Id*. at 2.) Moreover, the court notes that defendant's motion to strike did not discuss the legal contours of the non-delegation doctrine, nor was any authority cited by the defense even suggesting that the Analogue Act, as opposed to the temporary scheduling provisions of the Controlled Substances Act, is deficient under the non-delegation doctrine. Of course, "[a]rguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (citing *United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006)).

Nonetheless and for the sake of completeness, the court will liberally construe defendant's motion to strike and address the argument he now advances, albeit without any precision, that in

/////

2

the absence of APA compliance the actions taken by DEA with respect to XLR11 pursuant to the Analogue Act violate the non-delegation doctrine.

The non-delegation doctrine, broadly speaking, provides that "Congress may not constitutionally delegate its legislative power to another branch of Government." *Touby*, 500 U.S. at 165. "The nondelegation doctrine is rooted in the principle of separation of powers that underlies our tripartite system of Government." *Mistretta v. United States*, 488 U.S. 361, 371 (1989). Courts have long recognized, however, "that the nondelegation doctrine does not prevent Congress from seeking assistance, within proper limits, from its coordinate branches." *Touby*, 500 U.S. at 165 (citing *Mistretta*, 488 U.S. at 372). Thus, "[s]o long as Congress 'lays down by legislative act an intelligible principle to which the person or body authorized to act is directed to conform, such legislative action is not a forbidden delegation of legislative power.'" *Id.* (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928)).

*Touby* addressed the question of whether the Controlled Substances Act violated the non-delegation doctrine, given that it delegated to the Attorney General temporary discretion to schedule controlled substances. *Id.* In *Touby,* the Supreme Court determined that it did not. As noted, following the decision in *Touby*, it appears that no court has found that the Analogue Act violates the non-delegation doctrine. Those courts to have addressed this question have concluded that the Analogue Act does not violate the non-delegation doctrine. *See United States v. Waddell*, No. 14-03012-CR-S-BP-01, 2015 WL 997713, at *2 (W.D. Mo. Mar. 6, 2015); *United States v. McMillin*, No. 2:13-CR-04052-BCW, 2015 WL 778866, at *8 (W.D. Mo. Feb. 24, 2015). This court agrees with these decisions. Indeed, the Analogue Act does not confer on DEA any authority to determine whether various substances constitute controlled substance analogues as a matter of law because whether an alleged analog is substantially similar to a controlled substance is for the jury to decide. *See United States v. Long*, 15 F. Supp. 3d 936, 942 (D.S.D. 2014); *United States v. Fedida*, 942 F. Supp. 2d 1270, 1279 (M.D. Fla. 2013).

/////

/////

/////

Accordingly, the Analogue Act does not run afoul of the non-delegation doctrine because it delegates no lawmaking authority to the DEA to determine substantial similarity.

For these reasons, defendant's motion for reconsideration (Doc. No. 475) is denied.

IT IS SO ORDERED.

Dated: **May 30, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE