UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS JASON WAY,<br><br>　　　　　Defendant. | No. 1:14-cr-00101-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S APPLICATION FOR A WRIT OF *HABEAS CORPUS AD TESTIFICANDUM* AND GRANTING IN PART THE GOVERNMENT'S MOTION *IN LIMINE*<br><br>(Doc. No. 485, 497) |

On May 22, 2018, defendant filed an application for a writ of *habeas corpus ad testificandum*, seeking to secure the attendance of Charles Burton Ritchie as a defense witness at trial. (Doc. No. 485.) According to the application, Ritchie is currently confined in FCI Talladega in Talladega, AL. (*Id.* at 1.) Defendant seeks a court order compelling the warden and U.S. Marshals to produce Ritchie at defendant's trial before this court on June 28, 2018 at 9:00 a.m. (*Id.*)

In order to be entitled to such a writ, defendant bears the burden to make a satisfactory showing that "the presence of the witness is necessary to the defense." *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991) (quoting Fed. R. Crim. P. 17(b)). To demonstrate necessity, the defendant must

1

> aver[ ] facts which, if true, would be relevant to any issue in the case . . . unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous.

*Id.* (quoting *United States v. Sims*, 637 F.2d 625, 627 (9th Cir. 1980)).

In support of the application, defense counsel submitted a declaration stating as follows. As of September 2012, Ritchie was the owner of Zencense Incense Works. (Doc. No. 485-1 at ¶ 5.) Ritchie then hired defendant in November 2012 to facilitate the transfer of ownership of his company to another individual, Tony Nottoli. (*Id.*) Prior to hiring defendant for this purpose, Ritchie consulted with DEA Special Agent Cosey regarding the legality of his business. (*Id.* at ¶ 6.) Ritchie provided Special Agent Cosey with a tour of his manufacturing facility, informed him that his product contained a substance known as 5-F-UR-144, and stated to Special Agent Cosey that if Cosey told him that he was engaging in illegal activity, that he would immediately shut down. (*Id.*) In addition, it is claimed that at some unspecified time Ritchie consulted with legal counsel, and believed that he was in compliance with the law. (*Id.* at ¶ 7.) All of this information was conveyed to defendant when he agreed to facilitate the transfer of Ritchie's business to Nottoli. (*Id.*)

As to the subject matter of Ritchie's testimony at defendant's trial, defense counsel's declaration states that Ritchie can testify as to (1) the time defendant began and ended his employment with him, (2), the scope of defendant's duties as an employee, (3) the identity of the additive in his products, and (4) his and defendant Way's efforts to ensure compliance with relevant laws in operating the business.[1] (*Id.* at ¶ 8.) In addition, Ritchie can lay a foundation for various emails which may be presented as evidence at trial. (*Id.*)

The court finds that defendant has not at this time demonstrated that calling Ritchie as a witness in this case is necessary to his presentation of a defense. Defendant has offered no explanation as to how any of Ritchie's proffered testimony is relevant to any of the counts in the

---

[1] This statement in defense counsel's declaration would appear to suggest that defendant Way's role in Ritchie's organization encompassed more than merely facilitation the transfer of his business to Nottoli. However, the declaration provides no more specificity in this regard.

2

indictment in this action or any defenses thereto. In particular, according to his counsel's declaration submitted in support of the application, Ritchie did not hire defendant until November 2012. (*Id.* at ¶ 5.) However, the second superseding indictment charges defendant Way in Count One with being part of a conspiracy to manufacture, distribute and possess with the intent to distribute a controlled substance (XLR11 and AM-2201) which began no later than December 1, 2011. (*See* Doc. No. 196.) Moreover, defendant Way is charged with manufacturing a controlled substance (XLR11 and AM-2201) no later than October 9, 2012 (Count Two), distribution of a controlled substance (XLR11 and AM-2201) no later than December 1, 2011 (Count 3), attempted possession with the intent to distribute a controlled substance (XLR11) on or about November 28, 2012 (Count Four); conspiracy to possess a listed chemical (acetone) knowing of its wrongful intended use (to manufacture substances containing XLR11 and AM-2201) not later than October 9, 2012 (Count Five), conspiracy to defraud the United States beginning not later than December 1, 2011 (Count Eleven), and introducing misbranded drugs into interstate commerce not later than December 1, 2011 (Count Twelve). (*Id*. at 7-21.) Given the dates of these charged offenses (almost all beginning prior to November 12, 2012) and their lack of obvious relation to defendant Way's role of facilitating Ritchie's transfer of ownership of his company to Nottoli, as asserted in defense counsel's supporting declaration, it is far from clear that Ritchie's proposed testimony as briefly summarized by defense counsel, even if credited, would be relevant to any fact of consequence in this action. *See* Fed. R. Evid. 401(b).

Interpreting defense counsel's declaration generously, it is perhaps conceivable that some testimony from Ritchie might possibly be relevant to a defense of entrapment by estoppel, or to the question of defendant's intent given the advice Ritchie allegedly received from an attorney. However, the court is skeptical of such speculation. One of the requirements for establishing the affirmative defense of estoppel by entrapment is a showing that an authorized government official, empowered to render the claimed erroneous advice, "affirmatively told [defendant] the proscribed conduct was permissible." *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) (quoting *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000)). Similarly, in the Ninth Circuit, advice of counsel is relevant to the question of unlawful intent "if

3

the defendant, before acting, made full disclosure of all material facts to an attorney [and] received the attorney's advice as to the specific course of conduct that was followed." Model Crim. Jury Instr. 9th Cir. 5.9 (2010); *see also United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987) ("To qualify for an advice of counsel instruction, the defendant must show that there was full disclosure *to his attorney* of all material facts, and that he relied in good faith on the specific course of conduct recommended by the attorney.") (emphasis added). Nothing in the declaration submitted by defense counsel contends that any government agent ever communicated with defendant Way, nor does counsel state in his declaration that defendant Way ever had discussions with an attorney of his as to the lawfulness of any particular business. It thus appears to the court that whatever Special Agent Cosey told Ritchie is irrelevant to defendant's possible assertion of an entrapment by estoppel defense. Likewise, any advice Ritchie received from his own attorney would have no bearing on whether defendant Way would be entitled to an advice of counsel jury instruction at his trial.

The court notes that the government has recently filed a motion *in limine* seeking a pre-trial offer of proof from Defendant Way as to both any entrapment by estoppel or advice of counsel defense he seeks to present at trial. (*See* Doc. No. 497 at 4–7.) In light of defense counsel's declaration filed in support of the application seeking the attendance of Ritchie at the trial in this action, the government's motion appears to be well-taken. *See United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) (approving of a district court decision requiring a defendant to put forward a *prima facie* showing of duress by way of pre-trial offer of proof); *United States v. Arellano-Rivera*, 244 F.3d 1119, 1125 (9th Cir. 2001) (same as to a defense of necessity).

The court will therefore grant that the government's motion *in limine* and require defendant Way to make a pretrial proffer as to evidence he would present at trial satisfying each element of estoppel by entrapment or advice of counsel. *See Batterjee*, 361 F.3d at 1216 (stating the elements of entrapment by estoppel); *Ibarra-Alcarez*, 830 F.2d at 973 (same as to advice of counsel). If defendant fails to make such a showing, any evidence offered with respect to those defenses will be excluded at trial, and no jury instruction as to either defense will be given.

4

The court will also deny defendant's application for a writ of *habeas corpus ad testificandum* without prejudice, subject to renewal if the defendant can establish how Ritchie's proffered testimony is relevant to this action, whether as to entrapment by estoppel, advice of counsel, or with respect to any other issue.

For these reasons,

1. Defendant's application for a writ of *habeas corpus ad testificandum* (Doc. No. 485) is denied without prejudice;

2. The government's motion *in limine* (Doc. No. 497) is granted to the extent it seeks a pre-trial offer of proof from defendant as to entrapment by estoppel and advice of counsel;

3. Defendant is permitted to file a renewed application for a writ of *habeas corpus ad testificandum* and/or supplemental briefing, **no later than June 6, 2018 and of no more than 10 pages in length**, establishing the relevance of Ritchie's proposed testimony to this action and, if defendant chooses, setting forth an offer of proof establishing a *prima facie* basis in support of his presentation of entrapment by estoppel or advice of counsel defenses; and

4. The court will issue final rulings on these matters, if necessary, at the hearing currently scheduled for June 12, 2018 at 10:30 a.m.

IT IS SO ORDERED.

Dated: **May 31, 2018**

UNITED STATES DISTRICT JUDGE