UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS JASON WAY,<br><br>　　　　　Defendant. | No. 1:14-cr-00101-DAD-BAM-1<br><br>ORDER RE IN LIMINE MOTION OF THE UNITED STATES FOR PRETRIAL AUTHENTICATION OF CERTIFIED BUSINESS RECORDS<br><br>(Doc. No. 470) |

On April 12, 2018, the government filed a notice of its intent to offer certified domestic records of regularly conducted business activity into evidence at the trial of this action pursuant to Federal Rules of Evidence (FRE) 902(11), 902(13). (Doc. No. 455.) The government asserted in the notice that such records were admissible at trial under FRE 803(6). (*Id*.) Thereafter, on May 10, 2018, the government filed a similar notice involving additional records along with a motion in limine seeking the pretrial authentication of the records addressed in both notices. (Doc. No. 470.) The government thereafter sought an expedited ruling on that motion in limine, apparently due to concerns regarding the need for foundational witnesses to arrange travel to appear at the trial of this action on June 19, 2018, if their appearance would be required. (*Id.* at 3.)

Based upon its review of the notices and the motion in limine, the court assumed that defense counsel has declined to stipulate to the authenticity of the documents attached to the government's notices, thereby causing the government to invoke the seldom used pretrial

1

procedure authorized under FRE 104, 803(6) and 902(11). Accordingly, the court required defense counsel to state in writing "whether it has any real challenge to the authenticity of the documents attached to the government motion or objection based on the failure of those documents to qualify for admission under FRE 803(6) as an exception to the rule against hearsay." (Doc. No. 487) (citing FRE 902, Advisory Committee Notes to 2017 Amendments).

On May 25, 2018, defense counsel filed a timely response and objections to the government's notice of intent and motion. (Doc. No. 489.) In large part, defendant's response fails to identify specific challenges to the authenticity of the records at issue and does not, as to some documents, identify grounds for contending that the records do not qualify for admission under FRE 803(6) as an exception to the rule against hearsay.

FRE 803(6) excepts records or regularly conducted activity from the disqualifying consequence of the rule against hearsay, by providing:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FRE 902(11), referred to in FRE 803(6), provides that:

> The original or duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person ... certifying that the record—
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> (B) was kept in the course of the regularly conducted activity; and
>
> (C) was made by the regularly conducted activity as a regular practice.

Thus, FRE 803(6) and 902(11) "go hand in hand." *United States v. Kahre*, 610 F. Supp. 2d 1261, 1263 (D. Nev. 2009) (citing 5 Federal Evidence § 9:40 (3d ed.)). Declarations filed

under FRE 902(11) are the functional equivalent to live testimony, do not run afoul of the Confrontation Clause, and may therefore be relied upon in criminal cases. *Id.*; *see also United States v. Siders*, 712 Fed. App'x 601, 602 (9th Cir. 2017).[1]

Defendant appears to object to either the authenticity or admissibility of the email records which are the subject of the government's first notice, Doc. No. 455, on hearsay grounds. The objection is without merit. As explained by the Ninth Circuit:

> Carpenter argues that an affidavit filed by Yahoo! Inc.'s custodian of records under Rule 902(11) of the Federal Rules of Evidence supplied insufficient foundation to admit a number of emails as evidence that Carpenter sent the emails to investors. However, the affiant did not attest that Carpenter sent the emails, but only that Yahoo made a record of each email as it was sent or received from three email addresses. *See* Fed. R. Evid. 803(6) (hearsay exception for records of a regularly conducted activity); *United States v. Linn*, 880 F.2d 209, 216 (9th Cir.1989) (holding that an automatically generated record of a telephone call was admissible under Rule 803(6) as evidence of the call's date and time, origin, and destination), *abrogated on other grounds by Florida v. White*, 526 U.S. 559, 119 S. Ct. 1555, 143 L.Ed.2d 748 (1999).

*United States v. Gal*, 606 Fed. App'x 868, 874-75 (9th Cir. 2015).[2] Similarly, here, the declarations from the records custodians at both Google Inc. and Yahoo! Inc. make no representations as to the identities of the senders of the email. To the contrary, the declarations specifically disclaim any knowledge as to the veracity of users' identities. (*See* Doc. No. 455-1 at 1 ("Google does not verify any personal information that is submitted by a user at the time of a Gmail account creation."); Doc. No. 455-1 at 10 ("Yahoo may not require or verify any user information because it offers many of its services to users for free.").)

There being no other objection from the defense, the government's motion for pretrial authentication as to the records referred to in the notice filed as Doc. No. 455 is granted and those records are deemed by the court to have been properly authenticated and to qualify for admission under the exception to the rule against hearsay set forth in FRE 803(6), subject to the limitation noted by the Ninth Circuit in *Gal* that the emails in question were sent or received from the

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[2] *See* fn. 1, above.

identified email address and subject to any other objection including relevance or some other form of objection. *See Kahre*, 610 F. Supp. 2d at 1266 (Even with pretrial certification, "[t]he Government still bears the burden to prove the relevance of the business record and the absence of another form of hearsay in order for the record to be formally entered into evidence.")

As to the bulk of the records which are the subject of the government's subsequent notice and motion in limine (Doc. No. 470), defendant states that he "will stipulate to the authenticity" while reserving "hearsay and all other objections." (Doc. No. 489 at 2.) Defendant's statement in this regard is a non-objection and does not set forth the basis for any objection that the documents fail to qualify for admission under FRE 803(6) as an exception to the rule against hearsay as required by this court's order. However, defendant's objection to the certification of records produced by Verizon Wireless is well taken. That certification fails to identify with any specificity the records it purports to certify as having been made at or near the time of the occurrence of the matters set forth by a person with knowledge of those matters, kept in the course of the regularly conducted activity, and made by the regularly conducted activity as a regular practice. (Doc. No. 470-1 at 24.)

Accordingly, the government's motion in limine for pretrial authentication is denied as to the records produced by Verizon Wireless without prejudice.[3] There being no other objection from the defense, in all other respects the government's motion as to the records referred to in Doc. No. 470 is granted and those records are deemed by the court to have been properly authenticated and to qualify for admission under the exception to the rule against hearsay set forth at FRE 803(6), subject to the limitation noted by the Ninth Circuit in *Gal* and subject to any other objection including relevance or some other form of objection. *See Kahre*, 610 F. Supp. 2d at 1266.

/////

/////

/////

---

[3] The government may elect to attempt to cure the deficiency in that aspect of its pretrial authentication motion or may call a custodian of records from Verizon Wireless to testify at trial.

For all of the reasons set forth above, the government's motion in limine/notice of intent to offer certified domestic records of regularly conducted business activity (Doc. No. 470) is granted in part and denied in part without prejudice as explained in detail above.[4]

IT IS SO ORDERED.

Dated: **June 1, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[4] This motion in limine was fully briefed by the parties and was the subject of the government's request for expedited resolution in light of the possible necessity of arranging travel for witnesses whose appearance at trial was found to be necessary. Oppositions to the remaining motions in limine are not due to be filed until June 5, 2012 and the court will not rule on any of those motions prior to reviewing the yet to be filed oppositions, if any.