UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS JASON WAY,<br><br>Defendant. | No. 1:14-cr-00101-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO AMEND THE JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR A STAY OF EXECUTION OF JUDGMENT<br><br>(Doc. Nos. 730, 731) |

On October 31, 2018, defendant Way filed a motion to amend the judgment. (Doc. No. 730.) On November 1, 2018, defendant filed a motion for a stay of execution of judgment pending appeal. (Doc. No. 31.) The government has opposed both motions. (Doc. Nos. 738, 740.) Replies were filed on November 8 and 9, 2018. (Doc. Nos. 739, 741.) For the reasons set forth below, defendant's motion to amend the judgment will be denied, and defendant's motion to stay execution of the judgment pending appeal will be granted.

**BACKGROUND**

On October 29, 2018, this court issued an order of forfeiture against defendant, ordering that defendant forfeit to the United States the sum of $589,199.48. (Doc. No. 727 at ¶ 1.) The order also stated that the United States may, at any time, move pursuant to Federal Rule of

1

Criminal Procedure 32.2(e) to amend the order of forfeiture to substitute property having a value not to exceed $589,199.48 to satisfy the money judgment in whole or in part. (*Id.* at ¶ 4.) Through these motions, defendant seeks to have that latter provision stricken from the forfeiture order, and also seeks to stay the order in its entirety pending defendant's appeal.

**DISCUSSION**

**A.  Motion to Amend the Judgment**

Defendant has moved to strike paragraph 4 from the Order for Forfeiture Money Judgment. (Doc. No. 727.) That paragraph of the order provides that "The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $589,199.48 to satisfy the money judgment in whole or in part." (*Id.* at ¶ 4.) Defendant argues that because the government elected to pursue a money judgment against defendant in lieu of seeking the forfeiture of specific assets, it may not seek to substitute property to satisfy the judgment.

Federal Rule of Criminal Procedure 32.2(e)(1) provides that "[o]n the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute." By the plain language of the Rule, the government may seek to amend this order. To be clear, the government has not yet sought to do so. Were the government to file such a motion, it would be required to satisfy the requirements set forth in 21 U.S.C. § 853(p).

In support of its motion, defendant relies exclusively on the decision in *United States v. Newman*, 659 F.3d 1235 (9th Cir. 2011). In that case, in which the Ninth Circuit consolidated two separate appeals, the government sought orders of forfeiture against two defendants following entry of their guilty pleas. *Id.* at 1238–39. The district court declined to enter an order of forfeiture against one defendant, and issued only a *de minimis* order of forfeiture against the other. *Id.* The government appealed, arguing that the district court lacked discretion to take such action and was instead required to issue the requested forfeiture orders. The Ninth Circuit agreed, stating that "[w]hen the government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits." *Id.* at

2

1240. The Ninth Circuit also reaffirmed its prior holding that a money judgment is a proper form of criminal forfeiture, and may be sought in lieu of forfeiture of specific property. *Id.* at 1242 (citing *United States v. Casey*, 444 F.3d 1071, 1076 (9th Cir. 2006)). In doing so, the circuit again emphasized that the district court lacked discretion to decline entry of a forfeiture order. *Id.* ("When the government seeks a money judgment, Rule 32.2(b) does not permit the court to do anything other than 'determine the amount of money that the defendant will be ordered to pay,' which is specified by statute.").

Defendant seizes on this language of the opinion in *Newman* and argues that it binds the government in terms of the form of the asset it may recover. The defense argument goes that because the government has elected to pursue a monetary judgment in the original order of forfeiture, the court lacks discretion to subsequently modify that order, even at the government's request. This argument is based on a fundamental mischaracterization of the holding in *Newman*. That case held that the district court was required to enter an order of forfeiture at the government's request and where the statutory language mandated its entry—at no point did the court in *Newman* ever suggest that the district court was forbidden from *modifying* an order of forfeiture upon the government's motion. The court is aware of no case standing for such a proposition. Moreover, such a rule would fly in the face of both the language of Rule 32.2 and common sense. The Rule explicitly contemplates the government's ability to seek substitute property by way of an amended order of forfeiture in the event the original order of forfeiture is not satisfied. Fed. R. Crim. P. 32.2(e)(1). The advisory committee notes similarly confirm that "the court retains jurisdiction to amend the order of forfeiture at any time to include . . . any substitute property." Fed. R. Crim. P. 32.2 advisory comm. notes. Defendant's reading of the Rule would produce a truly bizarre outcome: were the government to obtain a monetary judgment against a defendant, that defendant could then pour all his or her assets into a specific piece of property. Lacking the ability to amend the forfeiture order to seize that property, the government would be left without any remedy, while the defendant would have effectively rendered himself judgment-proof. Therefore, defendant's motion to amend the judgment will be denied.

3

**B.      Motion for Stay Pending Appeal**

Second, defendant moves for an order staying execution of the terms of his judgment pertaining to forfeiture pending the appeal from his judgment of conviction before the Ninth Circuit. (Doc. No. 731.) The government opposes the motion, contending that it is premature and that defendant has failed to demonstrate that he is entitled to such a stay. Alternatively, the government suggests that if the court is inclined to grant the motion, that the court impose terms prohibiting defendant from disposing of the property in an attempt to evade the judgment.

Whether to grant a stay of forfeiture pending appeal is governed by Federal Rule of Criminal Procedure 32.2(d), which provides that:

> If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

While the court possesses discretion under the Rule to stay an order of forfeiture, neither the Rule nor any decision of the Ninth Circuit addresses the factors the court should consider in exercising that discretion. However, this court recently addressed the government's motion to have defendant remanded pending sentencing and appeal. Guided by the Ninth Circuit's decision in *United States v. Garcia*, 340 F.3d 1013, 1014 (9th Cir. 2003), this court found that "exceptional reasons" existed to permit defendant's release pending final resolution of this case. Likewise, the court now concludes that appropriate circumstances exist here to justify staying execution of the judgment pertaining to forfeiture as well. Defendant's motion to stay will therefore be granted.

Nonetheless, the court is sensitive to the government's concern that defendant's assets, which may be used to satisfy the judgment, not be disposed of in the interim. For this reason, the government has requested that the court permit the Order for Forfeiture Money Judgment to remain filed in counties where the United States may locate real property owned or acquired by defendant, and that defendant be prohibited from directly or indirectly disposing of any property or other assets, other than in the ordinary course of business, in a manner that would hinder the

4

United States' ability to enforce the judgment, if available, after disposition of the appeal. (Doc. No. 740 at 11.) In his reply, defendant states that he does not oppose this request. (Doc. No. 741 at 1.) The court will therefore grant defendant's motion to stay subject to the conditions requested by the government.

For these reasons,

1. Defendant's motion to amend the judgment (Doc. No. 730) is denied;
2. Defendant's motion for a stay of execution of judgment pending appeal (Doc. No. 731) is granted;
3. The Order for Forfeiture Money Judgment (Doc. No. 727) may remain filed in counties where the United States may locate real property owned or acquired by defendant; and
4. Defendant is prohibited, absent further order of the court, from directly or indirectly disposing of any property or other assets, other than in the ordinary course of business, in a manner that would hinder the United States' ability to enforce the judgment, if available, after disposition of the appeal.

IT IS SO ORDERED.

Dated: **December 4, 2018**

UNITED STATES DISTRICT JUDGE